UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMITH JOHNSON, | CV F 05-0762 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MR. TILTON, DIRECTOR, AND M. C. KRAMER, WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

Petitioner was convicted of multiple third-strike drug offenses in Riverside County Superior Court in 1997. The court sentenced Petitioner to serve a sentence of 28 years to life and to pay $3000 in restitution.

On July 20, 1992, Petitioner was convicted of petty theft with a prior in three Riverside County Superior Court cases, for which he was sentenced to a total term of three years in state prison. The court also sentenced Petitioner to pay $1000 in restitution fines in all three cases.

On January 29, 1993, Petitioner was convicted of another drug-related felony, for which he was sentenced to four years in state prison and ordered to pay $500 in restitution.

Petitioner has now completed serving his prison terms on the 1992 and 1993 cases, and remains in custody on his 1998 conviction.

In July of 2003, Petitioner filed an administrative appeal challenging CDCR's collection of restitution from his inmate trust account. In that appeal, Petitioner claimed that since December 1, 1999, the trust accounting office at Folsom State Prison had been "illegally" deducting funds (22%) from his trust account. Petitioner claimed that these funds had been sent to him by friends and family as financial support. Petitioner claimed that the collection of restitution from these funds violated the court's restitution orders in all five cases. According to Petitioner, the court's orders limited the source of restitution to any monies he earns from working in prison, and does not provide for collection of restitution from any other source, including family and friends. Petitioner demanded the return of all funds and cessation of future deductions until he started working in prison and earning money.

Petitioner's appeal was denied at the first formal level of review and he was directed to California Penal Code section 2085.5, which governs the collection of restitution fines from trust accounts of California inmates. During the investigation of Petitioner's appeal, CDCR's Restitution Fine and Collection Unit discovered that on of his five fines did not reflect payments that had been made by Johnson while he was incarcerated at other prisons, and this balance was adjusted to correct the error.

Petitioner pursued his appeal to the second formal level of review where it was again denied based on Penal Code section 2085.5, which authorizes restitution to be collected from inmates' trust account deposits, regardless of the source. Although Petitioner filed a director's level appeal, his appeal was screened out based on his failure to include the relevant documents, namely the abstracts of judgment.

Petitioner filed a petition for writ of habeas corpus in Sacramento Superior Court on December 30, 2003. That petition was transferred to Riverside County Superior Court where it was denied on March 14, 2004. The court found the petition to be without merit because the restitution

1  fine was ordered by the court, "and the state prison may collect by any lawful means."

2  Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fourth Appellate District. The Court of Appeal summarily denied the petition on April 15, 2004.

4  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on May 6, 2004. The court summarily denied the petition on March 30, 2005.

6  The present petition for writ of habeas corpus was filed in the Central District on May 11, 2005, and transferred to this court on May 23, 2005.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

## DISCUSSION

In this action, Petitioner challenges the execution of his sentence.  Specifically, Petitioner challenges the collection of restitution from his inmate trust account, claiming that such collection violates the court's instruction that the restitution would be payable from any earnings Petitioner had while in the state prison system.   Interpreting this language as prohibiting the collection of restitution from monies coming from any other source, Petitioner claims that the CDCR has acted illegally in collecting restitution from monies sent to him by family and friends.

In his answer, Respondent argues that the petition should be denied on several grounds, including the ground that habeas corpus relief is not available to address Petitioner's claim.  The court agrees.  A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Section 2254(a).  Thus, habeas corpus relief under Section 2254 is reserved for state prisoners who challenge the legality of their custody and seek determination of their entitlement to an earlier or immediate release.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).   Petitioner does not challenge the legality of his custody or seek a determination of his entitlement to an earlier or immediate release. See Moore v. Nelson, 270 F.3d 789, 7923 (9th Cir. 2001)(imposition of a fine does not constitute

custody for purposes of habeas corpus review). In the absence of a challenge to the legality of custody, Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. Section 2254 must be denied.

Petitioner argues in his traverse that the court should interpret his petition as requesting relief pursuant to 28 U.S.C. Section 2241. Section 2241 provides that writ of habeas corpus relief extends to a person in custody under the authority of the United States who wishes to challenge the manner, location, or conditions of his sentence's execution. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Petitioner is not in custody under the authority of the United States, but rather is in custody under the authority of the State of California. Thus, Section 2241 has no application to Petitioner.

In light of the above, the court finds it unnecessary to address the other bases for denial raised by Respondent in his answer.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) the petition for writ of habeas corpus be DENIED;

2) the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
2  IT IS SO ORDERED.
3  **Dated:    January 7, 2008**            **/s/  William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE